Bininger *v.* Clark.

---

ABRAHAM BININGER *vs.* ABRAHAM B. CLARK and MELVILLE B. CLARK.

60b 113
79 AD¹376

The good-will of a business firm is an important part of its property, and will be protected, by a court of equity, whenever a proper case arises.

Where it is alleged, and not denied, that it constituted the most valuable part of the partnership assets, any appropriation of it by one partner, to the exclusion of another, unless it is acquired upon a fair sale, is a wrong which will be restrained by injunction.

The defendant, Abraham Bininger Clark, having been a partner in the firm of "A. Bininger & Co." of which the plaintiff was also a member, he and his son, after the dissolution of the firm, commenced a similar business on their own account, in the adjoining store; putting upon the firm's late place of business a sign stating that "A. Bininger Clark & Son" had "removed to No. 96, next door below." They also distributed among the customers of the old firm, and printed in newspapers, circulars to the effect that they were the successors to A. Bininger & Co., and suspended across the street a banner, with the words "A. Bininger Clark & Son, successors to A. Bininger & Co." thereon, and put signs upon their store, to the same effect. The defendant A. B. Clark had never been previously known as "A. Bininger Clark," but as "Abraham B. Clark," and had always so signed his name. *Held* that these facts clearly showed that the partnership name of A. Bininger & Co. had been appropriated by the defendants; and an injunction restraining such appropriation or use was continued.

*Held,* also, that the fact that the defendant's name was "A. Bininger Clark," did not obscure the wrongful design, nor in any manner change the case.

And that neither the appointment of a receiver of the original partnership, upon its insolvency and dissolution, nor the assignment of the assets to an

assignee in bankruptcy, affected the right of one partner in such firm to bring an action against another partner, to restrain the appropriation of the good-will and name of the former firm ; he having an interest in protecting the property of such firm, so that its debts might be discharged, and possibly a surplus realized for his own use.

ACTION to enjoin the defendants from the use or imitation of the firm name of the late firm of A. Bininger & Co., in which all the parties had been partners. The firm had become insolvent and been dissolved, and a receiver appointed, and an assignee in bankruptcy.

The complaint alleged that the plaintiff and the defendant Abraham B. Clark had for many years been doing business under the name of A. Bininger & Co.; that the business had been established for over ninety years, and during the whole of that time the firm name had been either A. Bininger or A. Bininger & Co.; that the good-will of the firm was one of the most valuable items of the firm property; that the plaintiff had, since the proceedings in bankruptcy, been deprived by the defendants of the possession of the store, firm books, &c., and had been prevented from exercising acts of ownership, &c.; that the defendants had hired a store adjoining the store of A. Bininger & Co., which was at Nos. 92 and 94 Liberty street, New York, and commenced business under the name of A. Bininger Clark & Son; that they had put upon the store of A. Bininger & Co. a sign stating that "A. Bininger Clark & Son" had "removed to No. 96, next door below;" that they had distributed among the customers of the old firm, and printed in various newspapers, circulars to the effect that they were the successors to A. Bininger & Co.; that they had suspended a banner across Liberty street, with the words "A. Bininger Clark & Son, successors to A. Bininger & Co." thereon, and had put other signs upon their store, to the same effect; that the defendant A. B. Clark had never been previously known as A. Bininger Clark, but as Abraham B. Clark, and had

Bininger *v.* Clark.

always so signed himself; that the defendants gave the impression to their customers and others that the plaintiff was a member of the firm of A. Bininger Clark & Son; that this conduct was intended and calculated to divert the good-will of the firm of A. Bininger & Co. to the firm of A. Bininger Clark & Son, and was fraudulent, on the part of the defendants, and tended to great and irremediable loss on the part of the plaintiff. The complaint closed with a prayer for a perpetual injunction to restrain the defendants from using the name " A. Bininger."

The defendant A. B. Clark, in his answer, set up the appointment of a receiver of the partnership property, in an action in the superior court of the city of New York, and of an assignee in bankruptcy, in proceedings in the district court of the United States; and claimed that the cause of action, if any, belonged to the receiver or the assignee. The answer also alleged that the defendant's name was A. Bininger Clark, and that he had, some years prior to this action, so written his name and been so called; that the good will of the firm had been greatly injured by the plaintiff's acts; and that the suspension of payment by the firm was the act of the plaintiff, done to defraud the defendant of his interest in the partnership assets; that being, as well as the plaintiff, a grandson of the original A. Bininger, he was as much a Bininger as the plaintiff; and he denied the fraud and collusion charged in the complaint.

*Tompkins Westervelt*, for the motion.

*M. Compton*, opposed.

PRATT, J. The good-will of a business firm is an important part of its property, and will be protected by a court of equity whenever a proper case arises. In this case it is alleged, and not denied, that it constituted the

most valuable part of the firm assets. Any appropriation of it by one partner, to the exclusion of the other, unless acquired upon a fair sale, is manifestly a wrong not to be tolerated. The facts shown clearly sustain the plaintiff's allegation that it has been so appropriated. The defendant closely imitates the name of the late firm, and not satisfied with that, describes himself as "successor to A. Bininger & Co." He also places signs in close proximity to the firm's late place of business, with the plain intent of diverting any trade that followed the late firm, to the place now occupied by him. If this is allowed, the plaintiff's interest in the good-will of A. Bininger & Co. will be destroyed.

The fact that the defendant's name is A. Bininger Clark, does not obscure the defendant's wrongful design, nor in any manner change the case. After having for forty years written his name "Abm. B. Clark," his now writing "A. Bininger Clark" cannot be considered an accident. If it is one, he should be admonished not to continue it in a manner so likely to mislead the public.

Our statutes provide for changing names, and it has been held that at common law a person may change his name at will. But it by no means follows that after making such change a person may so use his new name as to attract business from another person whose name he has adopted.

The receivership does not affect the right of the plaintiff to bring this suit; nor does the assignment in bankruptcy. The plaintiff has an interest in protecting the property of the late firm, so that its debts may be discharged, and possibly a surplus realized for own use. He is therefore a proper person to bring this suit.

The injunction must be continued.

[WESTCHESTER SPECIAL TERM, September 26, 1870. *Pratt*, Justice.]